UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| SURGERY CENTER OF VIERA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> IBERIABANK CORPORATION, LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY d/b/a BLUE CROSS AND BLUE SHIELD OF LOUISIANA, IBERIABANK EMPLOYEE BENEFIT PLAN and GREG RIZZUTO, <br><br> Defendants. | CASE NO.: 6:17-cv-1920-ORL-41-KRS |

## COMPLAINT

NOW COMES Plaintiff, Surgery Center of Viera, LLC (hereinafter referred to as "Plaintiff"), by its attorneys, Childress Loucks and Plunkett, Ltd., and for its Complaint against Defendants, IberiaBank Corporation, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, IberiaBank Employee Benefit Plan, and Greg Rizzuto (hereinafter collectively referred to as "Defendants"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff asserts claims sounding in the Employee Retirement Income Security Act of 1974 ("ERISA").

2. Specifically, Plaintiff asserts claims stemming from Defendants' denial of benefits owed to Plaintiff for medical services rendered to Defendants' beneficiary. Defendants' arbitrary and capricious interpretation of its Plan terms, and from Defendants' breaches of their statutory fiduciary duties under ERISA.

1

## THE PARTIES

3. At all material times herein, Plaintiff was and is a Florida limited liability company that operates a surgical center located at 7955 Spyglass Hill Road, Suite B, Melbourne, Florida 32940.

4. Plaintiff is the lawful Assignee and Claimant of the claims asserted herein.

5. At all material times herein, Defendant, IberiaBank Corporation ("IberiaBank"), was and is a Louisiana corporation with its corporate headquarters located at 200 West Congress Street, Lafayette, Louisiana, 70501.

6. IberiaBank provides healthcare insurance to its employees through self-insured welfare benefit plans.

7. At all material times herein, Defendant, Greg Rizzuto ("Plan Administrator"), was and is an employee of IberiaBank and was appointed as Plan Administrator for IberiaBank's health insurance plans. (See Exhibit A).

8. At all material times herein, Defendant, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana ("BCBSLA"), was and is a commercial healthcare insurance company with its principal place of business located at 5525 Reitz Avenue, Baton Rouge, Louisiana.

9. BCBSLA provides administrative services to IberiaBank for IberiaBanks's health insurance plans.

10. At all material times herein, Defendant, IberiaBank Employee Benefit Plan (the "Plan"), was and is the self-insured employee welfare benefit plan sponsored by IberiaBank and administered by BCBSLA and Plan Administrator.

## JURISDICTION AND VENUE

11.     Plaintiff's claims arise in part under 29 U.S.C. § 1001 *et seq.*, ERISA, and asserts subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

12.     Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) because a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

## STATEMENT OF FACTS

### Healthcare Insurance Background

13.     Generally, individuals obtain health insurance coverage through their employer or through a family member's employer. Those employers can provide health insurance on either a fully-insured or self-insured basis.

14.     When health insurance is offered by an employer on a self-insured basis, the employer assumes the risk for payment of the medical claims by sponsoring a benefits plan that forms a specific fund for that purpose. The resulting fund is created by the employer and/or employees who contribute premium payments. The healthcare claims of the enrolled employees and their dependents are then paid from the fund.

15.     Self-insured health benefit plans are governed and regulated by ERISA.

16.     An employer who elects to have a self-insured health plan may contract with a third party commercial insurance company to oversee claims processing and other administrative services related to the plan. The employer and the third party insurance company, also known as the Third-Party Administrator ("TPA"), enter into an Administrative Services Only ('ASO") contract.

17.     BCBSLA is a third party commercial insurance company that provides TPA services for self-insured plans under an ASO contract.

3

18. In exchange for payment of fees, BCBSLA provides claims processing and other administrative services to the Plan while also providing IberiaBank's beneficiaries access to BCBSLA's network of providers. BCBSLA's network of providers are considered in-network because the providers enter into Preferred Provider Organization ("PPO") contracts with BCBSLA.

19. In accordance with the PPO contracts, BCBSLA's in-network providers agree to accept negotiated lower amounts for their services.

20. When a patient receives health care services from an in-network provider, a TPA is only obligated to pay the in-network provider the negotiated amount set by the PPO contract.

21. By contrast, an out-of-network ("OON") provider is not bound to accept the same lower negotiated rates set forth by any PPO contract or fee schedule.

22. Under the terms of the Plan, BCBSLA is required to promptly pay benefits for OON services based upon the usual, customary, and reasonable rate for those same services in the same geographic area.

23. Defendants act as fiduciaries to IberiaBank's plan beneficiaries as they exercise discretion over the plan assets, administration, and/or management.

24. The Defendants' failure or refusal to pay the full amount of an OON provider's charges, as defined by the Plan, is deemed an Adverse Benefit Determination under ERISA.

**Plaintiff's Business**

25. Plaintiff is a surgical center that provides spine surgery and treatment of neck and back pain in Melbourne, Florida.

26. Plaintiff is an OON provider for beneficiaries of Defendants.

27. As an OON provider, Plaintiff has provided, and continues to provide, medical services to employees of IberiaBank whose benefits are governed by the terms and conditions of the Plan.

**Plaintiff's Patient WT**

28. Patient WT is a patient of Plaintiff.

29. Patient WT is a beneficiary (i.e. covered individual) of Defendants' under the terms and conditions of IberiaBank's health insurance plan, Group Number 716045824.

30. On September 4, 2015, Patient WT received medical services from Plaintiff.

31. In exchange for rendering medical services to Patient WT, Plaintiff received an assignment of benefits owed to Patient WT under the Plan. (See Exhibit B).

32. For the medical services rendered to Patient WT, Plaintiff charged $361,262.00. (See Exhibit C).

33. Plaintiff provided Defendant, BCBSLA, with a bill for the amounts charged to Patient WT.

34. On October 29, 2015, BCBSLA notified Plaintiff it would be issuing payment for only $2,779.23 of the $361,262.00 charged to Patient WT. (See Exhibit D).

35. On March 2, 2016, in response to BCBSLA's underpayment of the amounts charged to Patient WT, Plaintiff filed an initial appeal of claim denial. (See Exhibit E).

36. On April 19, 2016, Plaintiff filed another appeal of claim denial and request for documents. (See Exhibit F).

37. On May 2, 2016, Plaintiff filed a final appeal of claim denial and request for documents. (See Exhibit G).

38. In response to Plaintiff's appeals related to Patient WT's claim, Defendants have not issued payment for the unpaid charged amounts.

39. In response to Plaintiff's appeals related to Patient WT's claim, Defendants have not provided Plaintiff with the Plan documents for Patient WT.

**Defendants' Denial**

40. When Defendants make a determination that the services Patients WT received from Plaintiff are covered services under the Plan, and that said covered services are medically necessary, then Defendants are required to pay Plaintiff pursuant to the terms and conditions of the Plan.

41. For the services provided by Plaintiff to Patient WT, Defendants have denied a portion of Plaintiff's charged amounts.

42. Defendants' reductions in payment are based upon their position that Plaintiff's "[c]harge exceeds the allowed amount payable to the Non-Participating provider."

43. Specifically, Defendants have denied a portion of Plaintiff's charged amount for Patient WT in the amount of $358,482.77.

44. Contrary to Defendants' positions, the amount Plaintiff charges for the services it renders is well within the usual and prevailing fee schedule for similar services in Plaintiff's geographical area, such that Plaintiff's charges are a usual, customary, and reasonable rate under the terms and conditions of the Plan.

45. As Plaintiff's charges are permissible under the terms and conditions of the Plan, Defendants are required under ERISA and under the terms and conditions of the Plan to issue payment to Plaintiff for the full amount charged.

46. Plaintiff has appealed Defendants' payment position and has requested documentation from Defendants supporting its position that Plaintiff's charges are not a usual, customary, and reasonable rate, including an explanation of benefits from Defendant.

47. Despite Plaintiff's repeated appeals and requests, Defendant has failed and refused, and continues to fail and refuse, to provide Plaintiff with any documentation that supports Defendants' reduction in payment.

48. Despite Plaintiff's repeated appeals and requests, Defendant has failed and refused, and continues to fail and refuse, to issue payment to Plaintiff for the full amount of its charged services.

49. Plaintiff has exhausted all of its administrative requirements under ERISA to the best of its ability before bringing this lawsuit, despite lack of meaningful access to Plan documents.

## COUNT I
### (Claims under ERISA § 502(a)(1)(b) and 29 U.S.C. § 1132(a))

50. Plaintiff reasserts and re-alleges paragraphs 1 – 49 as paragraph 50 of Count I as though fully set forth herein.

51. Plaintiff is entitled to enforce the terms and conditions of the Plan as assignee of its patients under 29 U.S.C. § 1132(a)(1)(B).

52. As fiduciaries under ERISA, Defendants are subject to a civil action under §502(a) of ERISA.

53. Under § 502(a) of ERISA, Plaintiff, as a valid assignee, is entitled to recover benefits due to Patient WT under the terms and conditions of the Plan.

54. Under § 502(a) of ERISA, Plaintiff is further entitled to enforce the rights of Patient WT, from whom Plaintiff has received a valid assignment of benefits, under the terms and conditions of the Plan.

55. Alternatively, under § 502(a), Plaintiff is entitled to enforce the rights of Patient WT, of whom Plaintiff has been authorized as a representative in handling WT's claims, under the terms and conditions of the Plan.

56. Under §502(a) of ERISA, Plaintiff is further entitled to an explanation by Defendants of its right to the future benefits of Patient WT, from whom Plaintiff has received a valid assignment of benefits, under the terms and conditions of the Plan.

57. In violation of ERISA, Defendants have:

   a. Failed to make payments of benefits to Plaintiff, as required under the terms and conditions of the Plan;
   b. Made claims determinations without valid data or in an arbitrary fashion;
   c. Failed to provide a "full and fair review" to Plaintiff for the claims assigned to Plaintiff;
   d. Failed to provide Plaintiff with requested data that supports their claim determinations; and
   e. Failed to provide Plaintiff with all rights under the terms and conditions of the Plan, as required by ERISA by failing to make clear to Plaintiff its rights to future benefits.

58. Defendants have breached the terms and conditions of the Plan by reimbursing less than the full amount of Plaintiff's charges without valid evidence or information.

59. As a proximate result of Defendants' wrongful acts, Plaintiff has been damaged in the amount of $358,482.77.

WHEREFORE, Plaintiff, Surgery Center of Viera, LLC, demands judgment in its favor against Defendants, IberiaBank Corporation, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, IberiaBank Employee Benefit Plan, and Greg Rizzuto, for monetary damages, including, but not limited to, Plaintiff's actual damages, statutory penalties permitted by law, attorney's fees, pre-judgment interest, investigatory fees, costs, and all other damages and costs the Court deems appropriate.

## COUNT II
### (Breach of Fiduciary Duties under ERISA)

60. Plaintiff reasserts and re-alleges paragraphs 1 – 49 as paragraph 60 of Count II as though fully set forth herein.

61. Defendants owe beneficiaries of the Plan statutory fiduciary duties of loyalty and care under 29 U.S.C. §1104, requiring Defendants to discharge their duties in the best interests of all beneficiaries in their capacity as the TPA, insurer, plan administrator, claims administrator, plan, and/or plan sponsor.

62. Plaintiff, as assignee of a beneficiary of the Plan, is entitled to assert a claim for appropriate equitable relief for Defendants' breaches of fiduciary duties of loyalty and care under 29 U.S.C. § 1132(a)(3).

63. Alternatively, Plaintiff, as an authorized representative of Patient WT's claims under the Plan, is entitled to assert a claim for appropriate equitable relief for Defendants' breaches of fiduciary duties of loyalty and care under 29 U.S.C. § 1132(a)(3).

64. Defendants violated their fiduciary duties of care and loyalty by, among other things, determining whether plan benefits would be paid or the amounts of that would be paid to beneficiaries of the Plan, based on Defendants' own interests rather than the interests of plan beneficiaries.

65. By engaging in the conduct described above, Defendants have acted in an arbitrary and capricious matter and have failed to act with the care, skill, prudence, and diligence that a prudent fiduciary would use or to act in accordance with the terms and conditions of IberiaBank's health insurance plans, as required by ERISA § 404(a)(1)(B) and (D), 29 U.S.C. § 1104(a)(1)(B) and (D).

66. As a proximate result of Defendants' breaches, Plaintiff has been damaged in an amount to be proven at trial.

WHEREFORE, Plaintiff, Surgery Center of Viera, LLC, demands judgment in its favor against Defendants, IberiaBank Corporation, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, IberiaBank Employee Benefit Plan, and Greg Rizzuto, for appropriate equitable relief and all other damages and costs the Court deems appropriate.

## COUNT III
### (Failure to Provide Requested and Required Documentation Against Defendants IberiaBank Corporation, IberiaBank Employee Benefit Plan and Greg Rizzuto)

67. Plaintiff reasserts and re-alleges paragraphs 1 – 49 as paragraph 67 of Count III as though fully set forth herein.

68. Although requested to do so by Plaintiff, Defendants IberiaBank, the Plan, and the Plan Administrator have not provided the following requested documents to Plaintiff required to be disclosed under ERISA upon request:

   a. A complete and accurate master governing plan document;
   b. The claim administration agreement;
   c. The complete administrative claim file; and
   d. All documents showing the basis for the adverse benefit determination and the methodology used in applying that basis and making that determination.

69. Defendants IberiaBank, the Plan, and Plan Administrator's failure to comply with Plaintiff's request for information pursuant to 29 U.S.C. §1132(c)(1)(B) entitles Plaintiff to a civil penalty in the amount of $110.00 per day for such failure or refusal to provide the requested documents and an order from this Honorable Court compelling Defendants to produce the requested documents.

WHEREFORE, Plaintiff, Surgery Center of Viera, LLC, demands judgment in its favor against Defendants, IberiaBank Corporation, IberiaBank Employee Benefit Plan, and Greg Rizzuto, for monetary damages, including, but not limited to, Plaintiff's actual damages, statutory penalties permitted by law, attorney's fees, pre-judgment interest, investigatory fees, costs, and all other damages and costs the Court deems appropriate.

Dated: November 2, 2017

Respectfully submitted,

By: *[signature]*
Michael L. Childress
*Attorney for Plaintiff*
CHILDRESS LOUCKS AND PLUNKETT, LTD.
11 West Illinois Street, 4th Floor
Chicago, Illinois 60654
Tel: (312) 494-0200
Fax: (312) 494-0202